IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:07-CR-00184-ERW |
| | ) | |
| v. | ) | |
| | ) | |
| SAMMY JEFFERSON | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

### MOTION OF DEFENDANT SAMMY JEFFERSON
### TO SUPPRESS EVIDENCE

Comes now Defendant, Sammy Jefferson, by and through counsel, Bryan S. Johnson, and pursuant to Rule 12(b) (3) of the Rules of Criminal Procedure, and moves this court to suppress as evidence any and all items seized by the Government and its agents on the following dates and from the following places:

| Date | Location of Search and Seizure |
|---|---|
| June 13, 2006 | Interstate 64, before exit 5 St. Clair, Illinois. |
| September 1, 2006 | Marriott Airport Hotel, 1070 Peartree Lane, St. Louis, Missouri, 63134 |
| September 1, 2006 | 4336 Margaret ridge Drive, St. Louis, MO 63034 |

and any and all evidence and leads derived and leads derived therefrom as well as any other items seized on other dates and from different places sought to be attributed to Defendant, Sammy Jefferson. Such locations produced the following items, among other purported evidence, that Defendant seeks to suppress:

(1) 10 brick shaped objects wrapped in plastic, further containing a compressed white powder substance.

(2) 9mm Lorcin seim-automatic pistol, Model #L9MM, bearing serial number

  LO64734, and ammunition.

(3) Miscellaneous documents seized from bedroom and kitchen area of home.

In support of this motion, Defendant, Sammy Jefferson, states as follows:

1. Defendant, has standing to complain of the above listed searched and seizures as well as the search and seizure of every item sought to be attributed to him;

2. The above listed searched and seizures were made without a search warrant or pursuant to illegally issued search warrants in that:

(a) Said search warrants were not issued on affidavits properly sworn to before a federal magistrate judge or state judge;

(b) The applications for said search warrants contain insufficient information to establish probable cause to believe that grounds exist for issuing the search warrant;

(c) The applications for said search warrants contain materially false information which the Government and its agents knew or, but for their reckless regard for the truth, would have know was false at the time the warrant applications were made;

(d) The applications for said search warrants rely on information obtained from anonymous sources, and fail to show that the information was corroborated through other sources;

3. Said search warrants do not describe the person or places to be searched, or the property or person to be seized with sufficient certainty;

4. Said search warrants were not directed to a civil officer of the United States authorized to enforce or assist in enforcing any law thereof, or to a person so authorized by the President of the United States;

5. Said search warrants did not command the officers to search the person or places named for the property or person specified within a specific period of time not to exceed ten days;

6. Said search warrants were not executed within ten days of the date of their issuance;

7. Said search warrants were not served in the daytime and the issuing authorities did not authorize their execution at times other than in the daytime;

8. Said search warrants were executed without the officers first knocking and announcing their presence;

9. The officers executing said search warrants did not file the required returns and inventories with the issuing authorities;

10. The issuing authorities did not attach to said search warrants copies of the returns, inventories and all other papers issued in connection therewith, and file said documents with the clerks of the issuing courts;

11. Certain items sought to be attributed to Defendant, Sammy Jefferson, were seized pursuant to warantless searches.  Said searches and seizures are per se unreasonable and no exception to the warrant requirements exists to justify said searches and seizures.

12. Defendant, Sammy Jefferson, has not been provided with copies of any of the returns and inventories of search warrants if issued in this case.

Wherefore, Defendant, prays for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) to show that if search warrants were issued they were based on false, and misleading information, and for an order quashing any said search warrants and suppressing each and every item seized and all evidence derived therefrom as well as all items and evidence seized pursuant to warantless searches sought to be attributed to Defendant, Sammy Jefferson.

Respectfully submitted,

/s/ Bryan S. Johnson
Bryan S. Johnson #514331
Attorney for Defendant
201 North Kingshighway
St. Charles, Missouri 63301
(636) 916-5529

(636) 916-4956 - Facsimile

Case: 4:07-cr-00184-SEP   Doc. #:  262   Filed: 08/06/07   Page: 4 of 5 PageID #: 679

**CERTIFICATE OF SERVICE**

    Signature below is certification that on August 6th , 2007, the foregoing was electronically filed with the Clerk of the Court and upon Mr. Dean Hoag, Assistant United States Attorney

                      s/ Bryan S. Johnson

                      /s/ Bryan S. Johnson
                      Bryan S. Johnson #514331
                      Attorney for Defendant
                      201 North Kingshighway
                      St. Charles, MO 63301
                      (636) 916-5529
                      fax (636) 916-4956