IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Case No.:     4:07-CR-00184-ERW |
| ) | |
| v. ) | |
| ) | |
| SAMMY JEFFRESON ) | |
| ) | |
| Defendant, ) | |
| ) | |

### DEFENDANT'S MOTION FOR GOVERNMENT AGENTS TO RETAIN ROUGH NOTES WITH MEMORANDUM UN SUPPORT

COMES NOW Defendant, by counsel, and moves this Court to enter an order requiring all Government law enforcement officers who investigated the charges in the instant case to retain and preserve all rough notes taken as a part of their investigation, notwithstanding whether or not the contents of said notes are incorporated in official records.  This motion is made in order that the trial court can determine disclosure of said notes as required under Brady v. Maryland, 373 U.S. 83 (1963), or the Jencks Act, Title 18, U.S.C. §3500.

Memorandum of Law

The Defendant's Motion for the Government Agents to Retain Rough Notes relies on the case of United States v. Harrison, 524 F.2d 421 (D.C. Cir. 1975).  That case held that:

1.  The decision as to whether rough interview notes are discoverable is for the Court and not a Government agent to make.

2.  The determination as to what constitutes a producible "statement" under the Jencks Act is for the Court and not the Government agents to make.

3.  Rough, handwritten notes taken by agents are potentially discoverable material required to be preserved and produced even if the notes were not discoverable under the Jencks Act and the destruction of said notes after preparation of witness interview reports was not justifiable either on the grounds that preservation of the notes would impose an intolerable burden on the investigative agency or that all of the information was preserved in the report.

See also, United States v. Maynard, 476 F.2d 1170, 1176 (D.C. Cir. 1977) and United States v. Bundy, 472 F.2d 1266, 1267 (D.C. Cir. 1972).

In the case of United States v. Terrell, 474 F.2d 872, 877 (2d Cir. 1973), the Second Circuit Court of Appeals held that the Jencks Act imposes no duty on law enforcement officers to retain rough notes when the contents are incorporated in official records and they destroy their notes in good faith.  The purpose of this Motion is therefore to put the Government on notice that any destruction of their rough notes cannot be in good faith at this time.  It is the position of this Defendant that no destruction can be in good faith after the Defendant's request for the production of such rough notes.

Respectfully submitted,

/s/ Bryan S. Johnson
Bryan S. Johnson #514331
Attorney for Defendant
201 North Kingshighway
St. Charles, Missouri 63301
(636) 916-5529
(636) 916-4956 - Facsimile